Ernest Suggs, a prisoner under a sentence of death, appeals the denial of his motion for appointment of registry counsel in connection with a prospective successive motion for postconviction relief he intends to file pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V. § 3(b)(1), Fla. Const.
This Court affirmed Mr. Suggs’ conviction for first-degree murder and his sentence of death on direct appeal in Suggs v. State, 644 So.2d 64 (Fla.1994). Subsequently, this Court affirmed the denial of Mr. Suggs’ motion for postconviction relief and denied his petition for writ of habeas corpus alleging ineffective assistance of appellate counsel, both of which were litigated by Mr. Suggs’ then-privately retained counsel Hilliard Moldof. Suggs v. State, 923 So.2d 419 (Fla.2005).
In March 2006, the United States District Court for the Northern District of Florida appointed Florida attorney Martin J. McClain to represent Mr. Suggs in federal court. The Court of Appeals for the Eleventh Circuit affirmed the district courts’ denial of Mr. Suggs’ petition for *472 habeas corpus in Suggs v. McNeil, 609 F.3d 1218 (11th Cir.2010), and the United States Supreme Court denied his petition for writ of certiorari in Suggs v. Buss, — U.S.—, 131 S.Ct. 1809, 179 L.Ed.2d 659 (2011).
On August 27, 2012, Attorney McClain filed a motion pursuant to sections 27.7001, 27.710, and 27.711, Florida Statutes (2011) with the Circuit Court of the First Judicial Circuit, requesting that he be appointed to represent Mr. Suggs as registry counsel in any successive postconviction relief proceedings in state courts. The circuit court entered an order denying the motion for appointment of registry counsel on February 15, 2013. On or about March 15, 2013, as pro bono counsel, Attorney McClain filed a notice of appeal with this Court seeking review of the circuit court’s order.
Because Mr. Suggs’ death sentence has not been carried out and the record is devoid of any evidence showing that the circuit court entered an order terminating Attorney Moldofs status as Mr. Suggs’ counsel of record, we find that Attorney Moldof is presently Mr. Suggs’ counsel of record in state courts. See Fla. R. Jud. Admin.' 2.505(f)(l)-(3) (outlining modes by which an attorney’s appearance for a party terminates); see also Van Poyck v. State, No. 73,662 (Fla. May 10, 2013) (Order Remanding Case for Determination of Counsel of Record).
Attorney Moldof shall maintain his status as Mr. Suggs’ counsel of record unless Attorney Móldof has previously obtained a court order releasing him from representation, or until such a court order issues. Accordingly, we dismiss without prejudice for the circuit court to consider appointment of new counsel under the registry statute should existing counsel obtain permission to withdraw from representation. At such time, Mr. Suggs may then file with the circuit court a subsequent motion for appointment of registry counsel.
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.