# Supreme Court of Florida

_____

No. SC16-899
_____

**TROY MERCK, JR.,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[May 4, 2017]

PER CURIAM.

Troy Merck, Jr., a prisoner under sentence of death, appeals the circuit court's order striking his motion to substitute Linda McDermott for the Capital Collateral Regional Counsel for the Middle Region (CCRC-MR) as his counsel, as well as the successive postconviction motion that Ms. McDermott simultaneously filed on his behalf pursuant to Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.

Ms. McDermott previously substituted for CCRC-MR as Merck's counsel in federal court following the federal court's determination that a conflict of interest

precludes CCRC-MR's continued representation.  Merck v. Sec'y, Dep't of Corr., 2014 U.S. Dist. LEXIS 152243, at *1 (M.D. Fla. Oct. 27, 2014).  CCRC-MR conceded below that the same conflict of interest precludes its continued representation of Merck in state court.  However, the circuit court struck the motions at issue as unauthorized after construing our decision in Suggs v. State, 152 So. 3d 471 (Fla. 2014), to condition the termination of an attorney's representation upon the filing of a motion to withdraw, which CCRC-MR has not filed.  In so ruling, the circuit court erred.  As we explained in Suggs, Florida Rule of Judicial Administration 2.505(f)(1)-(3) "outlin[es] modes by which an attorney's appearance for a party terminates."  Suggs, 152 So. 3d at 472.  Rule 2.505(f)(2) authorizes the termination of an attorney's appearance through substitution of counsel, which is the method that Ms. McDermott sought in this case after we specifically directed her to do so in Merck v. State, No. SC15-1439, 2016 WL 104164, at *1 (Fla. Jan. 8, 2016) (dismissing a prior notice of appeal that Ms. McDermott filed on Merck's behalf "without prejudice for [her] to seek substitution of counsel in the circuit court pursuant to Suggs").

Accordingly, we reverse the circuit court's order and remand with instructions for the circuit court to enter an order substituting Ms. McDermott as Merck's counsel upon the filing of Merck's written consent to the substitution with the circuit court.  Once Ms. McDermott has been substituted as counsel, we further

direct the circuit court to address the successive rule 3.851 motion that she filed on

Merck's behalf.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Pinellas County,
Cynthia Joan Newton, Judge - Case No. 521991CF016659XXXXNO

Linda McDermott of McClain & McDermott, P.A., Estero, Florida,

for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Stephen D. Ake, Assistant Attorney General, Tampa, Florida,

for Appellee